**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE (a pseudonym) | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 21-3459 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, *et al*. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

# ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the Motion to Dismiss filed on behalf of Defendants the Delaware County Juvenile Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity, and any response thereto, it is hereby ORDERED that the Motion to Dismiss is GRANTED, and Plaintiff's claims against the Delaware County Juvenile Detention Center are hereby DISMISSED, with prejudice.

 

_____
**J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE (a pseudonym) | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 21-3459 |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF HUMAN SERVICES, *et al*. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**MOTION TO DISMISS FILED ON BEHALF OF THE DELAWARE COUNTY JUVENILE DETENTION CENTER, THE 32ND JUDICIAL DISTRICT OF PENNSYLVANIA, AND DAVON ROBERTSON IN HIS OFFICIAL CAPACITY**

**NOW COME THE DEFENDANTS,** the Delaware County Juvenile Detention Center (hereinafter the "Detention Center"), the Court of Common Pleas 32nd Judicial District of Pennsylvania (hereinafter the "32nd Judicial District"), and Davon Robertson (incorrectly identified as "Devon Robertson") in his official capacity, by and through their undersigned counsel, and submit this Motion to Dismiss Plaintiff's Complaint, averring in support thereof as follows:

1. Plaintiff, proceeding anonymously as Jane Doe, is a former resident of the Delaware County Juvenile Detention Center. While Jane Doe was a resident at the Detention Center, she alleges she was subjected to various forms of physical, mental, and sexual abuse at the hands of Detention Center staff, including sexual abuse committed by Defendant Robertson both while she was a resident at the Detention Center and after her release.

2. As a result of the injuries she allegedly sustained, Plaintiff has levied multiple claims against the Detention Center, the 32nd Judicial District, and Defendant Robertson,

including state law claims for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent failure to rescue, failure to warn, and negligence *per se*, plus federal claims under 42 U.S.C. § 1983.

3. The Complaint states that the Detention Center is "owned, controlled, and operated by Defendant, Delaware County, Pennsylvania," but is nevertheless "governed by the Board of Judges" and overseen by Delaware County and the 32nd Judicial District. (Complaint, ¶¶ 8-11).

4. The Detention Center was at all times relevant a Court facility, part of the 32nd Judicial District.

5. The 32nd Judicial District is part of the Commonwealth's Unified Judicial System.

6. As set forth more fully in the accompanying Brief, the Eleventh Amendment bars Plaintiff's claims against the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity.

7. Further, the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity are not "persons" subject to liability under 42 U.S.C. § 1983.

8. Sovereign immunity bars Plaintiff's claims against the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity.

9. Given the nature of the aforementioned defenses, leave to amend would be futile.

WHEREFORE, Defendants, the Delaware County Juvenile Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity, respectfully request that this Court enter an Order in the form attached hereto, dismissing Plaintiff's claims against them, with prejudice.

Respectfully submitted,

**/s/Megan L. Davis**
MEGAN L. DAVIS, ESQUIRE
Attorney I.D. PA 321341
GERI ROMANELLO ST. JOSEPH
Attorney I.D. PA 84902
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE (a pseudonym) | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 21-3459 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, *et al.* | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**BRIEF IN SUPPORT OF THE MOTION TO DISMISS FILED ON BEHALF OF THE DELAWARE COUNTY JUVENILE DETENTION CENTER, THE 32ND JUDICIAL DISTRICT OF PENNSYLVANIA, AND DAVON ROBERTSON IN HIS OFFICIAL CAPACITY**

**NOW COME THE DEFENDANTS,** the Delaware County Juvenile Detention Center (hereinafter the "Detention Center"), the Court of Common Pleas 32nd Judicial District of Pennsylvania (hereinafter the "32nd Judicial District"), and Davon Robertson (incorrectly identified as "Devon Robertson") in his official capacity, by and through their undersigned counsel, and submit this Brief in Support of their Motion to Dismiss Plaintiff's Complaint, averring in support thereof as follows:

**I)      FACTUAL BACKGROUND**

Plaintiff, proceeding anonymously as Jane Doe, is a former resident of the Delaware County Juvenile Detention Center. (Complaint, ¶ 7). While Jane Doe was a resident at the Detention Center, she alleges she was subjected to various forms of physical, mental, and sexual abuse at the hands of Detention Center staff, including sexual abuse committed by Defendant Robertson both while she was a resident at the Detention Center and after her release.

(Complaint, ¶¶ 82-105). As a result of the injuries she allegedly sustained, Plaintiff has levied multiple claims against the Detention Center, the 32nd Judicial District, and Defendant Robertson, including state law claims for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent failure to rescue, failure to warn, and negligence *per se*, plus federal claims under 42 U.S.C. § 1983.

As it pertains to the claims against the Detention Center, the Complaint states that the Detention Center is "owned, controlled, and operated by Defendant, Delaware County, Pennsylvania," but is nevertheless "governed by the Board of Judges" and overseen by Delaware County and the 32nd Judicial District. (Complaint, ¶¶ 8-11). The Detention Center was at all times relevant a Court facility, part of the 32nd Judicial District. *See id.; see also* Complaint at ¶ 106 (noting that the President Judge of the Delaware County Court of Common Pleas was responsible for the closure of the Detention Center).

For the reasons set forth below, Plaintiff's claims against the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity must be dismissed.

## II)   QUESTIONS PRESENTED

(1)   Does the Eleventh Amendment bar Plaintiff's claims against the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity?

**Suggested Answer:   Yes.**

(2)   Are Plaintiff's claims barred because the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity are not "persons" subject to liability under 42 U.S.C. § 1983?

**Suggested Answer:   Yes.**

(3)     Does sovereign immunity bar Plaintiff's claims against the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity?

**Suggested Answer:   Yes.**

III)    **ARGUMENT**

   A)    **The Eleventh Amendment Bars Plaintiff's Claims Against the Detention Center, the 32nd Judicial District, and Davon Robertson in his Official Capacity**

As set forth above, the Detention Center is part of the 32nd Judicial District. (Complaint, ¶¶ 11, 106). States and state entities are entitled to immunity under the Eleventh Amendment unless they waive that immunity, which Pennsylvania has not. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). 1 Pa.C.S. § 2310 provides that "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive this immunity." *See also* 42 Pa.C.S. § 8521. The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system." 42 Pa.C.S. § 102.

The Eleventh Amendment is a jurisdictional bar that deprives a federal court of subject matter jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). Claims brought under the civil rights enabling statute, 42 U.S.C. § 1983, are subject to the Eleventh Amendment. *See Chilcott v. Erie Co. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008); *Collins v. Sload*, 212 Fed. Appx. 136, 140 n.5 (3d Cir. 2007).

The 32nd Judicial District is an arm of the state. *Callahan v. City of Philadelphia, et al.*, 207 F.3d 668, 672 (3d Cir. 2000) (holding that all courts and agencies of the Unified Judicial System are part of the Commonwealth government and are state agencies); *Benn v. First Judicial*

*District*, 426 F.3d 233 (3d Cir. 2005) (holding that Pennsylvania's Court entities are Commonwealth entities entitled to federal Eleventh Amendment immunity). Therefore, since Pennsylvania has not consented to suit, Plaintiff clearly cannot maintain an action against the 32nd Judicial District, nor can it maintain an action against the Detention Center, since it is a part of the 32nd Judicial District. Further, a suit against a state official in his official capacity is deemed a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). As a result, any official capacity claims against Davon Robertson are, in reality, claims against the 32nd Judicial District, and are similarly subject to dismissal pursuant to the Eleventh Amendment.

### B) The Detention Center, the 32nd Judicial District, and Davon Robertson in his Official Capacity are not "Persons" Subject to Liability Under 42 U.S.C. § 1983

As set forth above, Plaintiff's claims against the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity arise under 42 U.S.C. § 1983. Section 1983 does not itself create substantive rights, but instead provides a vehicle for vindicating violations of federal rights. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). A plaintiff bringing a cause of action under Section 1983 must demonstrate that a *person* acting under color of law deprived him or her of a federal right. *Groman*, 47 F.3d at 633.

As discussed above, the Detention Center is an arm of the 32nd Judicial District, which is part of the Unified Judicial System of Pennsylvania, and both therefore constitute state entities. State entities are not "persons" under § 1983 and cannot be sued under that statute. *See Callahan*, 207 F.3d 668 (Warrant Division and Eviction Unit of the Court of Common Pleas and the Municipal Court Eviction Unit of the First Judicial District are state government entities which

do not constitute "persons" under 42 U.S.C. § 1983). This applies in equal force to the official capacity claims against Davon Robertson, since such claims are in fact claims against the 32nd Judicial District itself. *Will v. Michigan Department of State Police,* 491 U.S. 58, 63 (1989). Accordingly, Plaintiff's claims against the Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity must be dismissed because they are not "persons" within the meaning of Section 1983.

### C) Sovereign Immunity Bars Plaintiff's Claims Against the Detention Center, the 32nd Judicial District, and Davon Robertson in his Official Capacity

In addition to Eleventh Amendment immunity, under Pennsylvania law, entities, officers and employees of the Commonwealth government are entitled to sovereign and official immunity from lawsuits, such as the one before this Court, pursuant to the Sovereign Immunity Act, 42 Pa. C.S. § 8521 *et seq.; see also* 1 Pa. C.S. § 2310 ("Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity").

The Commonwealth has not validly waived sovereign immunity for any of Plaintiff's claims. In this regard, although the state legislature has waived sovereign immunity in a limited number of circumstances,[1] this statutory waiver does not apply to the Unified Judicial System.

---

[1] Even if this waiver did apply to the Unified Judicial System, this case still would not fall under any of the enumerated circumstances in which immunity has been waived. In this regard, 42 Pa.C.S. § 8522 sets forth the nine (9) circumstances under which the Commonwealth has waived immunity: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8)

*Russo v. Allegheny County*, 125 A.3d 113, 118 (Pa. Commw. 2015) ("Because sovereign immunity has not been waived with respect to the courts of the unified judicial system, we must conclude that the courts of the unified judicial system retain their sovereign immunity as related to tort claims."), *aff'd*, 150 A.3d 16 (Pa. 2016). As a result, the Courts of the Unified Judicial System, including the 32nd Judicial District, retain sovereign immunity without exception. *Id*. Since the 32nd Judicial District, the Detention Center, and Davon Robertson in his official capacity are all Commonwealth entities, they are entitled to immunity from Plaintiff's claims.

### IV)    CONCLUSION

Based on the foregoing arguments and authorities, Defendants, the Delaware County Juvenile Detention Center, the 32nd Judicial District, and Davon Robertson in his official capacity, respectfully request that this Court enter an Order in the form attached hereto, dismissing Plaintiff's claims against them, with prejudice.

                                    Respectfully submitted,

                                    **/s/Megan L. Davis**
                                    MEGAN L. DAVIS, ESQUIRE
                                    Attorney I.D. PA 321341
                                    GERI ROMANELLO ST. JOSEPH
                                    Attorney I.D. PA 84902
                                    Supreme Court of Pennsylvania
                                    Administrative Office of PA Courts
                                    1515 Market Street, Suite 1414
                                    Philadelphia, PA 19102
                                    legaldepartment@pacourts.us
                                    (215) 560-6326, Fax: (215) 560-5486

                                    *Counsel for Defendants, The Delaware County Juvenile Detention Center, The 32nd Judicial District of Pennsylvania and Davon Robertson in his official capacity*

---

National Guard activities; and (9) toxoids and vaccines. Since none of these circumstances are applicable to the instant case, immunity would nevertheless apply.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE (a pseudonym) | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 21-3459 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, *et al.* | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on *October 19, 2021*, she caused the foregoing *Motion to Dismiss and Brief in Support of the Motion* to be served via CM/ECF to all counsel of record.

        Respectfully submitted,

        **/s/Megan L. Davis**
        MEGAN L. DAVIS, ESQUIRE
        Attorney I.D. PA 321341
        GERI ROMANELLO ST. JOSEPH
        Attorney I.D. PA 84902
        Supreme Court of Pennsylvania
        Administrative Office of PA Courts
        1515 Market Street, Suite 1414
        Philadelphia, PA 19102
        legaldepartment@pacourts.us
        (215) 560-6326, Fax: (215) 560-5486

        ***Counsel for Defendants, The Delaware County Juvenile Detention Center, The 32nd Judicial District of Pennsylvania and Davon Robertson in his official capacity***

\