**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DOE #1,** *a fictitious name* **v.** **DELAWARE COUNY JUVENILE DETENTION CENTER et al** | **CIVIL ACTION:** **NO. 21-1408** |
| **C.B.,** *as Parent and Natural Guardian* **et al** **v.** **DELAWARE COUNTY et al** | **CIVIL ACTION:** **NO. 21-1740** |
| **JANE DOE (A PSEUDONYM)** **v.** **DELAWARE COUNTY JUVENILE DETENTION CENTER et al** | **CIVIL ACTION:** **NO. 21-3459** |
| **JANE DOE 1 (A PSEUDONYM)** **v.** **DELAWARE COUNTY et al** | **CIVIL ACTION:** **NO. 21-5636** |

## <u>ORDER RE: PENDING MOTIONS TO DISMISS & RULE 16 CONFERENCE</u>

**AND NOW**, this 3rd day of March, 2022, all of the above cases have been filed in this

Court on behalf of juveniles who have been detained, incarcerated, or subject to alleged

violations of their civil rights in various institutions within Delaware County, naming as

defendants numerous individuals and entities allegedly responsible for the mistreatment of

Plaintiffs.

Defendants in the first three cases have filed Motions to Dismiss the Amended

Complaint.  The Court has reviewed the allegations of the Amended Complaint and the

contentions of Defendants in support of the Motions to Dismiss.

The grounds set forth in all of the Motions to Dismiss are similar, if not exactly the same. Defendants assert:

1.     Sovereign Immunity
2.     Qualified Immunity
3.     Failure to allege a <u>Monell</u> claim.
4.     That the judges of Delaware County are in charge of certain detention facilities for juveniles.
5.     The Complaint fails to satisfy the <u>Iqbal</u> Doctrine.

Upon review of the Briefs that have been filed, the Court concludes that the above grounds are rejected as adequate reasons to dismiss the Complaint, under Rule 12(b)(6).  All of the still pending Motions to Dismiss are **DENIED**.

Plaintiffs have satisfied the requirements of federal pleading and have stated serious claims that, if proven, may constitute violations of Plaintiffs' civil rights.  Whether sovereign immunity applies may depend on the nature of the specific defendant.  The doctrine of qualified immunity cannot be resolved based on a Rule 12 motion.  The Court finds that the general <u>Iqbal</u> pleading requirements have been met by Plaintiffs.  To the extent that Delaware County judges may be in charge of detention facilities that does not necessarily mean that the individual Defendants cannot be liable.

The Court will reserve a decision on these various defenses until discovery has been completed and may be reasserted on motions for summary judgment.

All pending Motions to Dismiss that predate the filing of the Amended Complaint are dismissed as moot.

Prior to the Rule 16 Conference scheduled for March 10, 2022, the Court will require Plaintiffs and defense counsel to confer on the following topics:

1.     Appointment of lead counsel for both Plaintiffs and Defendants.

2.     Exchange of Rule 34 document requests and discussion of a protocol for depositions.

3.     Determination of whether scheduling a "bellwether" trial will be an appropriate way to narrow the issues and provide guidance to the parties and the Court for resolution of all claims in all four cases.

4.     Consolidation and/or coordination of these four cases.

The Court will require counsel to file either a joint Rule 16 case management schedule, including the above items, or, if necessary, separate statements limited to five (5) pages, double spaced, by 2:00 p.m by March 9, 2022.

The Motion for Permission to Proceed Under a Pseudonym and for a Protective Order in No. 21-3459 will be discussed at the conference.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, U.S.D.J.**